UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN M. STROTHER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WARDEN, et al.,<br><br>　　　　Defendants. | Case No. 1:12-cv-00059-AWI-DLB PC<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING ACTION BE DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM**<br><br>ECF No. 1<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

**I.　Background**

　　　　Plaintiff Steven M. Strother ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. On January 12, 2012, Plaintiff filed his complaint. ECF No. 1.

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

1

claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II. Summary of Complaint

Plaintiff is incarcerated at Pleasant Valley State Prison ("PVSP") in Coalinga, California, where the events giving rise to this action occurred. Plaintiff names as Defendant the warden of PVSP. Plaintiff's claims, however, concern the conduct of the CSR, the classification staff representative at PVSP.

The CSR placed an administrative determination in Plaintiff's central file which stated that Plaintiff had been convicted of a violent felony, which Plaintiff was not. A unit classification committee in October 2006 found that the violence exclusion in Plaintiff's file should be removed. Upon Plaintiff's transfer to PVSP, the violence exclusion was re-applied, relying on an unpublished opinion in violation of the California Code of Regulations, Title 15, section 3375.2(b)(25).

Plaintiff alleges that the CSR violated due process. Plaintiff requests the following injunctive relief: that the Orange County Sheriff's Department be contacted and copies requested of Plaintiff's current arrest history to find if Plaintiff was ever convicted of a violent felony under Penal Code section 667.5.

## III. Analysis

The procedural guarantees of the Fourteenth Amendment's Due Process Clause apply only when a constitutionally protected liberty or property interest is at stake. *Jackson v. Carey*, 353 F.3d 750, 755 (9th Cir. 2003). A prisoner possesses a liberty interest under the federal constitution or state law when a change occurs in confinement that imposes an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

The United States Constitution does not grant a liberty interest with regards to a particular classification status. *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976).  Plaintiff contends that he is not contesting his classification but the false information relied upon by the CSR to attach a violence exclusion to his central file.  However, Plaintiff fails to allege a liberty interest regarding the accuracy of his central file.  Plaintiff alleges no facts which indicate that he has suffered an atypical and significant hardship in relation to ordinary prison life regarding the violence exclusion in his central file.[1]  To the extent that Plaintiff complains of being transferred, Plaintiff has no due process claim in avoiding being transferred.  *Meachum v. Fano*, 427 U.S. 215, 225-27 (1976).

## IV.     Conclusion and Recommendation

Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983.  The Court does not find that Plaintiff can amend his complaint to state a claim.  Further leave to amend should not be granted.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that this action is dismissed with prejudice for failure to state a claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 9, 2012**                    /s/ *Dennis L. Beck*
                                                                   UNITED STATES MAGISTRATE JUDGE

---

[1] It appears that Plaintiff brought a similar argument in *Strother v. Warden*, Case No. 1:11-cv-01938-AWI-JLT HC (E.D. Cal.), petition for writ of habeas corpus contesting the violence exclusion placed in his central file.  The petition was dismissed on February 9, 2012.